ELLA M. HAYDEN vs. THOMAS DWYER, impleaded, etc.

October 21, 1891.

Certain unimportant assignments of error disposed of.

Action brought in the district court for St. Louis county, against Thomas Dwyer and James A. Steele, to recover for the conversion of certain horses, mules, harnesses, sleds, and wagons, the plaintiff alleging a purchase of them by her, on December 21, 1888, from defendant Steele, for $1,330, to be paid by surrender of a note of $700 held by her against Steele and by her own note of $630, it being specially agreed that when the latter note should be delivered at the office of Payne & Cutting, attorneys-at-law, at Duluth, which was to be on the Monday next following the sale, the property should be delivered to her. The complaint also alleges that on December 21, 1888, she delivered up Steele's note, and he executed a bill of sale of the property to plaintiff, and left it with Payne & Cutting to be delivered to her on receipt of her note, and that on the Monday specified (December 24th) she delivered her note as required by the agreement. It is further alleged that afterwards, and on the same Monday, Steele sold and delivered the property to defendant Dwyer, who took with full knowledge of the former transactions and plaintiff's rights. The complaint also charges an express intent on the part of both defendants to cheat plaintiff, and asks punitive damages in addition to the value of the property and of its use. The defendant Dwyer, answering separately, put in issue the plaintiff's purchase and pleaded a *bona fide* purchase for value. At the trial, before *Stearns*, J., the plaintiff had a verdict of $1,368.80. Defendant Dwyer appeals from an order refusing a new trial.

*H. S. Lord*, for appellant.

*C. d'Autremont, Jr.*, and *Wm. C. McAdam*, for respondent.

GILFILLAN, C. J.    There is in this case nothing in any assignment of error, based on exceptions taken, that requires special mention. As soon as plaintiff, under the agreement with Steele, left her note in the office of Payne, she had complied with the terms of the con-

tract of sale of the property to her, the title passed to her, and she was entitled to the bill of sale, which after that time was in the hands of Payne as her agent. If Dwyer after that took a transfer from Steele, with notice that plaintiff had purchased the property,—as from the evidence the jury might have found, and as we must presume they did find,—then he could not be a *bona fide* purchaser, and it was immaterial that the possession of the property remained in the vendor.

Order affirmed.